## REDDING MANUFACTURING COMPANY vs. BARNEY BARTRAM.

A corporation sued one of its members in assumpsit for an installment on his stock, alleging that he was an original subscriber to the stock. The defendant denied that he subscribed for the stock and claimed to have purchased it of another party upon the representations of the seller that it was fully paid up, and to have paid for it by cancelling a note which he held against the seller. The plaintiffs requested the court to charge the jury that if the defendant purchased the stock upon such false representations the cancellation of the note was of no effect and he could recover the amount of it from the seller. Held, that the court was not bound to give the instruction requested, as the matter was wholly outside of the issue.

ASSUMPSIT. Verdict for the defendant in the superior court, and motion for a new trial by the plaintiffs. The case is sufficiently stated in the opinion.

*Hawley* and *Carter*, in support of the motion.

*Averill*, with whom was *Taylor*, contra.

HINMAN, C. J. This is a suit by the plaintiffs, a joint stock corporation, against the defendant as a subscriber to the capital stock of the corporation and a stockholder, for an installment that had been called for on the stock. The defendant's subscription was made by his brother, Walker B. Bartram, acting as his agent, and the defendant denied the authority of his brother to make the subscription in his name, and claimed to have purchased the stock of his brother, who represented to him at the time that it was fully paid up, and to have paid him in full for it by cancelling a note which he held against him ; and the defendant offered evidence in support of this claim. The plaintiffs requested the court to charge the jury, that if the defendant had cancelled the note under the erroneous belief, derived from his brother's representations, that the stock had been fully paid up, when it had not been, the cancellation was of no effect, and he could still recover the amount of the note or of its consideration from his brother. In other words, the court was asked to instruct

the jury that if the defendant was compelled to pay the install-
ment sued for here, he would not necessarily lose the amount
so paid, but could recover it in a suit against his brother. This
was very clearly entirely outside of the issue which the jury
were to try, which was, whether the defendant had assumed
and promised to pay the installment called for on the stock
held by him ; and the court committed no error in refusing
to give the jury any instructions upon the point.

A new trial is not advised.

In this opinion the other judges concurred.